UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUESKY PROPERTY
DEVELOPMENT &
MANAGEMENT, LLC, and
MED BOTANICAL, LLC

    Plaintiffs,

v.     Case No.: 2:25-cv-516-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.

## **ORDER**

Before the Court is Plaintiffs Bluesky Property Development & Management, LLC ("Bluesky") and Med Botanical, LLC's motion to remand. (Doc. 28). Defendant Westchester Surplus Lines Insurance Company responded. (Doc. 33). For the below reasons, Plaintiffs must supplement their motion regarding the citizenship of Bluesky's members.

Defendant removed this action by invoking diversity jurisdiction. (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Bluesky is a limited liability company, whose citizenship is

determined by "the citizenships of all [of its] **members**." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added).

Plaintiffs argue that the Court should remand this case because the parties are not diverse. Defendant is a Georgia citizen. (Doc. 1 ¶ 5). Plaintiffs assert the "owner" of Bluesky, Joseph Houston, is also a citizen of Georgia and therefore shares citizenship with Defendant.[1] (Doc. 28 at 2). But Plaintiffs' use of the term "owner" as a synonym for "member" is insufficient for the Court to determine whether the parties are diverse. The terms member and owner "are not always interchangeable," which leaves the Court "unsure" whether diversity jurisdiction exists. *Jiangmen Benlida Printed Cir. Co. v. Circuitronix*, LLC, No. 21-60125-CIV, 2021 WL 230178 (S.D. Fla. Jan. 22, 2021) (quoting *Post v. Biomet, Inc.*, 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020)). So Bluesky must provide a supplement explaining the citizenship of its members.[2]

Accordingly, it is now

---

[1] Plaintiffs filed a declaration from Joseph Houston with their motion. (Doc. 29). Houston's declaration restates he is the "owner" of Bluesky and provides no information regarding Bluesky's members.

[2] The parties do not contest that Plaintiff Med Botanical LLC is a Wyoming limited liability company whose only known member is a citizen of Wyoming or Texas. (*See* Docs. 1 ¶¶ 8–10, 1-14). Therefore, Plaintiffs do not need to provide additional information regarding Plaintiff Med Botanical LLC's citizenship.

**ORDERED:**

1. Plaintiffs must **SUPPLEMENT** their Motion to Remand (Doc. 28) on or before **November 4, 2025**, to list Bluesky's current members.

2. Defendant may file a response to Plaintiffs' supplement on or before **November 11, 2025**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record