UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUE SKY PROPERTY
DEVELOPMENT &
MANAGEMENT, LLC, and
MED BOTANICAL, LLC

    Plaintiffs,

v.                                                     Case No.:   2:25-cv-516-SPC-NPM

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

Before the Court is Plaintiffs Blue Sky Property Development & Management, LLC ("Blue Sky") and Med Botanical, LLC's motion to remand. (Doc. 28). Defendant Westchester Surplus Lines Insurance Company responded. (Doc. 33). The Court ordered Plaintiffs to supplement their motion, which they did. (Doc. 40). Defendant responded to the supplement. (Doc. 43). For the below reasons, the Court grants Plaintiffs' motion to remand.

Defendant removed this case by invoking diversity jurisdiction. (Doc. 1). Federal courts have diversity jurisdiction over civil actions where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "A

removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And "all doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

Plaintiffs move to remand because they believe Blue Sky and Defendant are not diverse from each other. Defendant is a citizen of Georgia. (Doc. 1 ¶ 5). Plaintiffs argue an individual named Joseph Houston is also a citizen of Georgia and is "the sole member and managing member of Blue Sky[.]" (Doc. 40-1 at 1). Blue Sky is a limited liability company, so its citizenship is determined by the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore Blue Sky's presence in this case destroys diversity of citizenship.

Plaintiffs rely on two pieces of evidence to establish Mr. Houston is a member of Blue Sky. First, they attach an operating agreement for Blue Sky executed on October 17, 2018. (Doc. 40-1 at 4). The agreement designates Mr. Houston as the managing member of Blue Sky and contains his signature. (*Id.* at 4, 16). Second, Plaintiffs provide a declaration from Mr. Houston, who represents he is the sole member of Blue Sky. (*Id.* at 1). Mr. Houston further states the operating agreement Plaintiffs attach "accurately reflects [his] ownership [in Blue Sky] and remains unchanged." (*Id.*).

2

Defendant argues that Mr. Houston is not a member of Blue Sky for two reasons. First, Defendant claims the operating agreement Plaintiffs attach is "outdated" because of an amendment to Blue Sky's articles of organization issued on October 24, 2018. (Doc. 43 at 2). The amendment, which Defendant provides, removed Mr. Houston as manager and replaced him with an individual named Juanita Williams. (Doc. 33-3 at 3). Defendant alleges Ms. Williams is a citizen of Florida.[1] (Doc. 1-12). Second, Defendant attaches annual corporate disclosure reports Blue Sky filed with the Florida Secretary of State's office from 2019 to 2025. (Doc. 33-4 at 1–7). These reports list Ms. Williams as the "manager and registered agent" of Blue Sky. (Doc. 43 at 8). Mr. Houston's name does not appear in these reports. Defendant concludes Ms. Williams is the only member of Blue Sky, so diversity exists between the parties. (Doc. 43 at 3).

The Court doubts the parties' jurisdictional arguments. First, the Plaintiffs. Plaintiffs provided no document listing Mr. Houston as a member of Blue Sky aside from the initial articles of organization. That document is over seven years old, so there is reason to doubt it is operative. Plaintiffs did not address the amendment to Blue Sky's articles of organization that appears to replace Mr. Houston as its manager with Ms. Williams. Nor do Plaintiffs

---

[1] Plaintiffs do not contest that Ms. Williams is a citizen of Florida.

3

discuss Ms. Williams' appointment as a manager and registered agent of Blue Sky, her relationship with Mr. Houston, or the relevance of the annual corporate reports Defendant cited.

Defendant's arguments are also suspect. The amendment Defendant provides only shows that Mr. Houston is no longer a manager of Blue Sky. (Doc. 33-3 at 3). Mr. Houston represented he is "the sole member and managing member" of Blue Sky, not that he is the manager or registered agent. (Doc. 40-1 at 1). And the annual reports Defendant cites only show Ms. Williams as a manager and registered agent; they do not list the members of Blue Sky. While Defendant may treat the titles of "manager" and "registered agent" as synonymous with "member," the Court does not. *See, e.g.*, *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (noting that "[f]or purposes of diversity jurisdiction, it is the citizenship of an LLC's *members*—not its managers—that is relevant.") (emphasis in original).

The upshot is the current state of Blue Sky's membership is unclear. The Court does not have a list of Blue Sky's members that postdates the original operating agreement Plaintiffs provided. Mr. Houston could still be a member based on that operating agreement. To that point, Mr. Houston represents that his ownership interest in Blue Sky "remains unchanged" from 2018. (Doc.

4

40-1 at 1). And Defendant provides no argument that an LLC failing to list a member in annual reports somehow dissociates that member from the LLC.

"Jurisdiction is a matter of facts, not a matter of faith." *El Komati, LLC v. Vantage Risk Specialty Ins. Co.*, No. 2:23-CV-333-SPC-NPM, 2023 WL 3983742, at *2 (M.D. Fla. May 31, 2023). The Court is not satisfied on the facts presented that complete diversity of citizenship exists. And as noted earlier, "all doubts about jurisdiction should be resolved in favor of remand." *Am. Tobacco Co.*, 168 F.3d at 411. While Defendant is not entirely at fault, it bears the burden of establishing jurisdiction by removing this case. *See Leonard*, 279 F.3d at 972. Defendant fails to carry its burden, so remand is warranted. *See USBCDC Inv. Fund 180, LLC v. Vosotas*, No. 1:23-CV-21887-KMM, 2023 WL 11796989, at *2–3 (S.D. Fla. Sept. 25, 2023) (remanding case where party failed to prove individual had been removed as an LLC member), *reconsideration denied*, 2024 WL 3312065 (May 10, 2024). The Court gave the parties an opportunity to clean things up. They failed to do so. So, this case is remanded.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. 28) is **GRANTED**.

2. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Lee County, Florida.

5

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Lee County, Florida.

The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 26, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record